IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02338-PAB-STV

RODNEY A. SMITH,

    Plaintiff,

v.

MARY SHY,
ANGIE TURNER, and
TIM CREANY, M.D.,

    Defendants.

_____

**ORDER**
_____

This matter Comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 148]. Defendants Mary Shy and Tim Creany filed an objection [Docket No. 149]. Defendant Angie Turner filed a joinder to the objection [Docket No. 150].

**I. BACKGROUND**

This case arises out of an alleged failure to provide medical care while plaintiff was detained by the Colorado Department of Corrections ("CDOC") at the Bent County Correctional Facility ("BCCF"). *See generally* Docket No. 81. Plaintiff brings two claims against all defendants: (1) a violation of the Eighth Amendment for failure to provide adequate medical care, and (2) a negligence claim for failure to provide adequate medical care. *Id.* at 20-22, ¶¶ 137-50.

On October 21, 2021, defendants filed motions for summary judgment. Docket Nos. 112, 116. Plaintiff responded, Docket No. 122, and defendants replied. Docket Nos. 138, 139. On June 22, 2022, the magistrate judge entered a recommendation that

the Court grant defendants' motions for summary judgment with respect to the Eighth Amendment claim and decline to exercise supplemental jurisdiction over the state law claim.  Docket No. 148.  Defendants Shy and Creany filed an objection in part; they object only to the portion of the recommendation that recommends declining to exercise supplemental jurisdiction over the negligence claim.  Docket No. 149 at 1-2.  Plaintiff neither objected to the recommendation nor filed a response to Shy and Creany's objection.  Defendant Turner filed a joinder of Shy and Creany's objection.  Docket No. 150 at 1.  The magistrate judge's recommendation lists the undisputed facts that form the basis for the recommendation to grant defendants' summary judgment motions.  *See* Docket No. 148 at 2-8.  The Court adopts those facts for the purpose of resolving the objection to the magistrate judge's recommendation.

## II.  LEGAL STANDARD

### A.  Summary Judgment

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment.  *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotation marks omitted) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

**B.  Objections to Magistrate Judge Recommendations**

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review. Fed. R. Civ. P. 72(b).

## III. ANALYSIS

### A. Claim One

The magistrate judge recommends dismissing claim one due to plaintiff's failure to exhaust his administrative remedies. Docket No. 148 at 14-15, 22-23. No party objects to this recommendation. *See One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d at 1059 (stating that an objection is "proper" if it is both timely and specific and a specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.").

In the absence of an objection, the Court has reviewed the magistrate judge's recommendation on claim one to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes; *see also Thomas*, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard,

when neither party objects to those findings."). Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

### B. Claim Two

Given his recommendation that the Court dismiss claim one, the magistrate judge recommends that the Court decline to exercise supplemental jurisdiction over plaintiff's state law negligence claim. Docket No. 148 at 24. However, if the Court exercises supplemental jurisdiction over the negligence claim, the magistrate judge recommends that the claim be dismissed with prejudice due to plaintiff's failure to file a certificate of review. *Id.* at 24-29. Defendants object to the recommendation to the extent it recommends declining to exercise supplemental jurisdiction over the negligence claim. Docket No. 149 at 3 ("Defendants agree with every aspect of Recommendation, except insofar as it recommends dismissal without prejudice of Plaintiff's state-law negligence claim for lack of supplemental jurisdiction."); Docket No. 150 at 1 ("Ms. Turner concurs in the arguments set forth in Ms. Shy and Dr. Creany's Objection [Doc. 149], including the request for this Court to use its broad discretion and exercise supplemental jurisdiction over the remaining state-law negligence claim.").

"[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."); 28 U.S.C. § 1367(c)(3) (permitting a district court to

decline supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction").

In the Tenth Circuit, when "the district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), courts must dismiss pendent state law claims without prejudice "'absent compelling reasons to the contrary.'" *Brooks v. Gaenzle,* 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner,* 54 F.3d 664, 669 (10th Cir.1995) (reversing the district court's grant of summary judgment on state law claims), *abrogated on other grounds by Torres v. Madrid*, 141. S. Ct. 989 (2021); *Endris v. Sheridan Cnty. Police Dep't,* 415 F. App'x 34, 36 (10th Cir. 2011) ("any state-law claims for assault and battery or mental and emotional injury were inappropriate subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed").

Defendants argue that plaintiff's choice of a federal forum, the straightforward nature of the negligence claim, and judicial economy weigh in favor of the Court exercising supplemental jurisdiction. Docket No. 149 at 4. While the Court should consider judicial economy, convenience, fairness, and comity when deciding whether to exercise supplemental jurisdiction, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."), defendants have not shown how this case presents compelling reasons to exercise supplemental jurisdiction. Accordingly, the Court will

decline to exercise supplemental jurisdiction over claim two and dismiss claim two without prejudice.

## IV.  CONCLUSION

It is therefore

**ORDERED** that the Objection to Recommendation of United States Magistrate Judge [#148] From Defendants Mary Shy and Dr. Creany [Docket No. 149] is **OVERRULED**.  It is further

**ORDERED** that Defendant Angie Turner's Joinder in Defendants Mary Shy and Dr. Creany's Objection [#149] to Recommendation of United States Magistrate Judge [Docket No. 150] is **OVERRULED**.  It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 148] is **ACCEPTED**.  It is further

**ORDERED** that the Motion for Summary Judgment From Defendants Mary Shy and Dr. Creany [Docket No. 112] is **GRANTED in part**.  It is further

**ORDERED** that Defendant Angie Turner's Motion for Summary Judgment [Docket No. 116] is **GRANTED in part**.  It is further

**ORDERED** that claim one is **DISMISSED without prejudice**.  It is further

**ORDERED** that the Court declines to exercise supplemental jurisdiction over claim two and it is **DISMISSED without prejudice**.[1]  It is further

---

[1] Under Colo. Rev. Stat. § 13-80-111, if claims are properly commenced within the statute of limitations and involuntarily dismissed because of lack of jurisdiction, the plaintiff "may commence a new action upon the same cause of action within ninety days after the termination of the original action or within the period otherwise allowed by this article, whichever is later."  *See also Artis v. Dist. of Columbia*, 138 S. Ct. 594, 598 (2018) (holding that 28 U.S.C. § 1367(d) tolls the statute of limitations for state law claims asserted under § 1367(a) during the pendency of the federal litigation in which

**ORDERED** that this case is closed.

DATED August 30, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

such claims are brought and for thirty days following involuntary dismissal of those claims on jurisdictional grounds).